### WARREN SMITH *vs.* NATHANIEL BIRD.

No claim arises against a married woman for money paid by her request in reference to land of which, after her marriage, and before the passage of *St.* 1855, *c.* 304, she received a deed from her father in her own name, but with no provision therein that she should hold the land to her sole and separate use, or free from the interference or control of her husband.

APPEAL from the decision of commissioners disallowing claims against the insolvent estate of Sibyl C. Bacon, deceased.

In the superior court, it was agreed that on the 29th of May 1850 Warren Smith, by a deed of warranty, in the usual form, and with no special provisions, conveyed to Sibyl C. Bacon, who was his daughter, as an advancement towards her portion of his estate, certain land in Foxborough, which continued to stand in her name until her death, in November 1858, and was returned by her administrator as her property. More than twenty years before her death, Sibyl was married to Dean Bacon, who was living in California in October 1860, and no information has been received of his death. In 1858 Josiah D. Richards recovered judgment against Dean and Sibyl C. Bacon, and an execution issued, upon which the officer made a seizure of the land of Sibyl; whereupon she requested Smith to pay the amount of the judgment, which he did, taking her promissory note for the amount so paid, dated November 12, 1858.

It was further agreed that in 1856, 1857, and 1858, Smith, by Sibyl's request, paid the taxes upon her land, and a bill for painting her house standing thereon.

Upon these facts, *Wilkinson*, J. rendered judgment for the administrator, and Smith appealed.

*E. Worthington*, for the appellant.

*W. S. Leland*, for the appellee.

MERRICK, J.   The appellant contends that by force of the provisions of *Sts.* 1855, *c.* 304, and 1857, *c.* 249, Sibyl C. Bacon was competent during her coverture to enter into and bind herself by the contracts set forth by him in the statement of his claim.   By the last mentioned statute, it is provided that any married woman may while married enter into any contract in reference to her sole and separate property, in the same manner, that is to say, upon a proper interpretation of their words in the connection in which they are used, to the same effect, as if she were sole. (§ 2).   It is agreed that when Mrs. Bacon received he consideration of the notes declared on, and when they were made by her, and when the appellant advanced the several sums of money for the payment of taxes and for the painting of her house, charged in his account, she was a married woman living

apart from her husband, who resided in California, and that she was then the owner in fee of the real estate which her father had previously conveyed to her as an advancement towards her share of his estate. And it is apparent that some, and perhaps all of the contracts upon which the appellant relies were made in reference to this real estate. And he contends that it was, within the meaning of the statute, her own sole and separate property, and therefore that the contracts which she made in relation to it were binding and obligatory upon her. But this position cannot be maintained. There are three statutes bearing upon this question, which essentially modify the marital rights of parties as they exist in common law, and greatly increase the rights and obligations of married women. By *St.* 1845, *c.* 208, it is provided that a married woman may, upon certain prescribed terms and conditions, in pursuance of a written contract entered into between the parties before the solemnization of the marriage, hold the whole or any designated part of the real or personal estate of which she may be seized or possessed at the time of the marriage to her sole and separate use, free from the interference and control of her husband, and also may in like manner hold such as shall be conveyed or bequeathed to her afterwards, to be held in like manner and for the same purpose. §§ 1, 2, 3, 4. The *St.* of 1855, *c.* 304, § 1, declares that all the real and personal property of any woman who shall thenceforward be married in this commonwealth, which she owns at the time of her marriage, or to which she afterwards acquires a title by descent, devise or bequest, or by the gift of any person except her husband, shall be and remain her sole and separate property notwithstanding her marriage. The *St.* of 1857, *c.* 249, § 1 goes still further, and declares not only that " the property, both real and personal, which any woman, who may now be married in this commonwealth, may now own as her sole and separate property," but also that " any real or personal property which shall hereafter come to her by descent, devise or bequest, or the gift of any person except her husband, shall remain her sole and separate property, notwithstanding her marriage, and shall not be subject to the disposal of her husband, or liable for his debts."

But Mrs. Bacon, in reference to the real estate conveyed to her by her father in the year 1850, did not, upon the facts stated, come within the provisions of either of these statutes. There was no antenuptial contract between her and her husband; and the deed of conveyance of the real estate from her father contains no provision or stipulation that it was to be held by her to her own sole and separate use, or free from the interfer ence or control of her husband. The *Sts.* of 1855, *c.* 304, and 1857, *c.* 249, can have no effect upon her rights or obligations in respect to the present question, because she was married before the passage of the former, and because her only title to the estate was acquired before the enactment of the latter. Her rights and liabilities, therefore, at the several times when she entered into the contracts with the appellant which he has alleged and set forth in his statement of claims, were those only which were recognized and established by the common law. It is an elementary principle of that law that a married woman has no power to bind herself by contract, or to acquire to herself and for her exclusive benefit any right by a contract made with her. 1 Parsons on Con. 286. *Shaw* v. *Thompson*, 16 Pick. 198.

It is an unavoidable consequence from this principle that neither the advancement of money by the appellant to Mrs. Bacon, for the purposes stated, nor her promise to repay it, created any legal obligation to which she became subject in his behalf; and therefore he can recover no part of his claim. Judgment is accordingly, in pursuance of the agreement of the parties, to be entered, that the decree of the commissioners is affirmed.